**UNITED STATES DISTRICT COURT
NORTSHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARONA MUSSON, on behalf of herself and as administrator of the estate her son, MICHAEL MUSSON JR, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| vs. | ) ) | Judge |
| VILLAGE OF ROUND LAKE, a municipal corporation, and ROUND LAKE POLICE OFFICER VALERIE A. LISS, | ) ) ) ) ) | Magistrate Judge |
| Defendants. | ) ) | |

**COMPLAINT AT LAW**

Plaintiff, ARONA MUSSON, as administrator of the estate of her son MICHAEL MUSSON JR., deceased ("Plaintiff"), through her attorneys, Jeffrey B. Granich and Joshua L. Morrison, makes the following complaint against the VILLAGE OF ROUND LAKE, a municipal corporation, and Round Lake Police Officer VALERIE A. LISS:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Decedent's rights as secured by the United States Constitution, and under Illinois State law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this judicial district.

**PARTIES**

4. At the time of his death, MICHAEL MUSSON JR. was 22-year-old male citizen of the United States and a resident of Lake County, Illinois.

5. ARONA MUSSON is the mother of Decedent MICHAEL MUSSON JR. and administrator of her late son's estate.

6. At all times relevant hereto, Defendant VALERIE A. LISS was employed by the Village of Round Lake Police Department as a sworn police officer. At all times relevant hereto, Defendant LISS was acting under color of law and within the scope of her employment with Defendant VILLAGE OF ROUND LAKE.

7. Defendant VILLAGE OF ROUND LAKE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was at all times relevant hereto the employer and principal of Defendant LISS.

## FACTUAL ALLEGATIONS

8. On or about September 2, 2016, MICHAEL MUSSON JR. was outside the 0-100 block of North Macgillis Drive in the VILLAGE of ROUND LAKE, Lake County, Illinois.

9. At that time, MICHAEL MUSSON JR. was approached by a Round Lake Police Officer, Defendant LISS.

10. During the interaction between Defendant LISS and MICHAEL MUSSON JR., Defendant LISS preceded to unlawfully and without reasonable cause discharge her firearm numerous times at Decedent MICHAEL MUSSON JR.

11. At that time, Defendant LISS did shoot Decedent MICHAEL MUSSON JR. numerous times with her service weapon, including but not limited to shooting Decedent MICHAEL MUSSON JR. in his back.

12. As a result of Defendant LISS' actions and omissions, Decedent suffered severe pain, severe emotional distress, and death.

## Count I – 42 U.S.C. § 1983 – Excessive Force

13. Plaintiff re-alleges the preceding paragraphs as if restated here.

14. On or about September 2, 2016, Defendant LISS subjected Decedent MICHAEL MUSSON JR. to excessive force, namely, by fatally shooting him, in violation of the Fourth Amendment to the United States Constitution.

15. Defendant LISS' conduct was objectively unreasonable and was undertaken intentionally, or with reckless indifference to MICHAEL MUSSON JR.'s constitutional rights.

16. As a direct and proximate result of the unjustified and excessive use of force, MICHAEL MUSSON JR. suffered severe injuries, pain, suffering, emotional distress, and the loss of life.

WHEREFORE, Plaintiff prays for judgment against Defendant LISS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count II–Illinois Wrongful Death Act Claim

17. Plaintiff restates the preceding paragraphs as if fully restated here.

18. At all relevant times, Defendant LISS owed Decedent MICHAEL MUSSON JR. a duty to refrain from wanton and willful acts and omissions, which could cause him harm.

19. Defendant LISS breached her duty to Decedent MICHAEL MUSSON JR. by intentionally, and willfully and wantonly using unreasonable, excessive, unjustified, and deadly force against him.

20. Defendant LISS' acts and omissions, as more fully alleged above, constituted utter indifference or conscious disregard for the health and safety of decedent MICHAEL MUSSON JR.

21. As a direct and proximate result of the aforementioned willful and wanton acts and omissions, MICHAEL MUSSON JR. died on or about September 2, 2016.

22. Decedent MICHAEL MUSSON JR. is survived by his next of kin: his mother and father Plaintiff ARONA MUSSON and Michael Musson, his two sisters Patricia Russell and Madeleine Musson, and his brother Donald Musson.

23. By reason of the death of Decedent MICHAEL MUSSON JR., Decedent's next of kin have suffered damages, including grief, the loss of comfort, love, affection, protection, and the loss of society of their family member, Decedent MICHAEL MUSSON JR.

WHEREFORE, on behalf of herself and MICHAEL MUSSON JR.'s next of kin, Plaintiff

prays for judgment against Defendants in an amount sufficient to compensate them for the loss of

Decedent, and all such other relief as this Court finds just and equitable.

## Count III–Illinois Survival Act Claim-Battery

24. Plaintiff restates the preceding paragraphs as if fully restated here.

25. As more fully alleged in the preceding counts, Defendant LISS used physical force upon Decedent MICHAEL MUSSON JR. without his consent.

26. Defendant LISS intended to cause harmful or offensive bodily contact to MICHAEL MUSSON JR. without a privilege to do so.

27. By using deadly force against MICHAEL MUSSON JR., Defendant LISS did in fact cause bodily harm to MICHAEL MUSSON JR.

28. Defendant LISS' use of force was undertaken intentionally, willfully and wantonly.

29. As a direct and proximate result of Defendants LISS' actions and harmful and offensive bodily contact Decedent MICHAEL MUSSON JR. suffered physical pain, suffering, and emotional distress before his death.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count IV–Indemnification and *Respondeat Superior*

30. Plaintiff restates the preceding paragraphs as if fully restated here.

31. The misconduct alleged above against Defendant LISS was committed within the scope of her employment with and/or within their authorized agency for Defendant VILLAGE OF ROUND LAKE.

32. Defendant VILLAGE OF ROUND LAKE is a public entities required to provide indemnity within the meaning of 735 ILCS 10/9-102 and other applicable laws and ordinances for all actual damages caused by Defendant LISS while acting in the scope of her employment or within her authorized agency.

33. Further, under the doctrine of *respondeat superior*, Defendant VILLAGE OF ROUND LAKE is liable as the principals for the torts committed by their agent, Defendant LISS, as described more fully above.

WHEREFORE, Plaintiff prays for judgment against Defendant VILLAGE OF ROUND LAKE for compensatory damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully Submitted,

ARONA MUSSON, as administrator of the estate of her son, MICHAEL MUSSON JR., Deceased.

By:/s Jeffrey Granich
One of Plaintiff's Attorneys

JEFFREY B. GRANICH (A.R.D.C. No. 6207030)
JOSHUA L. MORRISON (A.R.D.C. No. 6315590)
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd., Suite 1028
Chicago, Illinois 60604
(312) 939-9009